```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:18-00012

**AVANTE ANTHONY JONES**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On August 7, 2024, the United States of America appeared by Troy D. Adams, Assistant United States Attorney, and the defendant, Avante Anthony Jones, appeared in person and by his counsel, Roger L. Lambert, for a hearing on the petition, amendment, and second amendment, seeking revocation of supervised release submitted by United States Probation Officer Codie P. Blankenship. The defendant commenced a 5-year term of supervised release in this action on December 30, 2021, as more fully set forth in the Judgment in a Criminal Case entered by the court on November 6, 2018.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows: (1) on July 30, 2022, the defendant was found in possession with intent to deliver 4.5 ounces of marijuana, in violation of federal and state law; (2) on August 26, 2022, the defendant fled with reckless indifference and possessed with intent to deliver Oxycodone Hydrochloride pills and Cocaine base, both controlled substances, and in violation of federal and state laws; (4) on January 4, 2023, the defendant was found in possession with intent to deliver 15.03 grams of fentanyl, and 1.56 grams of fentanyl, in violation of federal and state laws, and of which on June 28, 2024, he was convicted in the Circuit Court of Logan County, West Virginia, and sentenced to 2 years imprisonment and was released in the latter part of June, 2024; (5) on January 28, February 8, April 25, April 28, May 18 and June 14, 2022, the defendant submitted urine screens that tested positive for marijuana, and on May 18, 2022, the defendant admitted to using marijuana on May 15, 2022, and, on July 27, 2022, the defendant submitted a urine screen

that tested positive for marijuana and oxymorphone; (5) at some time prior to July 27, 2022, the defendant changed his residence when he did not have prior approval from the probation officer to do so; and (6) from December 30, 2021, the defendant failed to secure employment and his unemployment was not excused by the probation officer; all as admitted by the defendant except as to the first two violations set forth in (1) and (2) above as to which the defendant admits the United States has sufficient evidence to prove each (1) and (2) by a preponderance of the evidence; and all as set forth in the petition on supervised release, amendment to petition, and second amendment to petition, and by the court's findings on the record of the hearing.

The court having heard oral arguments on the Defendant's Motion for a Downward Departure [ECF No. 64], and Defendant's Motion for a Downward Variance [ECF No. 65], for the reasons set forth on the record of the hearing, it is ORDERED that the motions be, and they hereby are DENIED.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the

violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of (18) MONTHS to be followed by TWO (2) YEARS of supervised release upon the terms and conditions as set forth on Administrative Office form 245B, attached hereto as Exhibit A, and on the terms and conditions as set forth in this court's Local Rules of Criminal Procedure 32.3, attached hereto as Exhibit B, all as set forth on the record of this proceeding. The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

The defendant requested and the court makes the recommendation that the defendant be housed at FCI Allenwood, Pennsylvania.

4

**The defendant was remanded to the custody of the United States Marshal.**

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: August 9, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

5

## AO 245B STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you

must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

LOCAL RULES OF CRIMINAL PROCEDURE FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

LR Cr P 32.3. Standard Conditions of Probation and Supervised Release in all Criminal Cases

In addition to the Standard Conditions of Supervised Release and Probation promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the following six conditions are forthwith adopted as standard conditions of probation and supervised release for all defendants sentenced in criminal cases in the District.

(1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

(2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

(3) As directed by the probation officer, the defendant will make co-payments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

(4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

(5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers), and shall reside in a residence free from such items.

(6) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulants.

Exhibit B